UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cause No. 1:10-CR-56 WCL |
| | ) |
| FRANCISCO RUIZ | ) |

**OPINION AND ORDER**

Defendant Francisco Ruiz filed a pro se Motion for a Reduction of Sentence pursuant to 18 U.S.C. §3582(c) asserting that new "fast-track programs for illegal reentry cases" warrant a reduction to his sentence. The Government responded on September 17, 2013 asserting that this court lacks jurisdiction to reconsider Ruiz's sentence.

It is critical to note at the outset that Ruiz was charged with and pled guilty to possessing 500 grams or more of cocaine with the intent to distribute. (DE 11, 28 and 31). He was sentenced on March 14, 2011 to 60 months which was the mandatory minimum sentence for the offense under 21 U.S.C. §841(b)(1)(B)(ii). (DE 52). At the conclusion of his sentence, Ruiz is scheduled to be deported and thus, is subject to an immigration detainer.

The "Fast-Track" programs that Ruiz references in his Motion have been developed in federal districts along the border that have a high volume of illegal reentry cases. The policy utilized in these districts is to provide individuals charged with illegal reentry the opportunity for a more favorable sentence if they agree to promptly plead guilty and accept certain other concessions. *See United States v. Anaya-Aguirre,* 704 F.3d 514, 515-517 (7th Cir. 2013).[1] Unfortunately for Ruiz, he

---

[1] There are few fast-track programs for districts in the Seventh Circuit. For this reason, defendants charged with illegal reentry in the Seventh Circuit have often utilized the sentencing disparity among those jurisdictions that have fast-track programs to argue for a reduced sentence. This option

1

was neither charged with nor convicted of illegal reentry. Instead, he was convicted of a drug offense and thus, cannot argue for application of a "fast-track" program. He cites no authority for the proposition that this type of program applies in drug cases where the defendant is subject to a deportation order at the conclusion of his sentence. Moreover, paragraph 8(d) of his plea agreement forecloses Ruiz from contesting his sentence. Finally, Ruiz has also neither argued nor is he able to satisfy the first condition required for a motion under §3582(c) to succeed, namely that the original sentence was based on a sentencing range that has been subsequently lowered by the Sentencing Commission. *See United States v. Davis,* 682 F.3d. 596, 609 (7th Cir. 2012). Thus, for these reasons, the Court is without jurisdiction to consider Ruiz's request for a reduced sentence and his Motion (DE 55) is DENIED.

Entered: This 21st day of October, 2013

> s/ William C. Lee
> United States District Court.

---

would not have been available to Ruiz since his underlying offense was a drug offense and not an illegal reentry offense.